IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HIMARK BIOGAS, INC.,

        Plaintiff

vs.                                           Case No. 14-1070-SAC

WESTERN PLAINS ENERGY LLC,

        Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant Western Plains Energy LLC's ("WPE's") motion for entry of final judgment (Dk. 31) pursuant to Fed. R. Civ. P. 54 and 58 and the court's order of April 4, 2016, (Dk. 30), that granted WPE's application for confirmation of arbitration award. The plaintiff Himark Biogas, Inc. ("Himark") opposes a Rule 54(b) entry of final judgment as premature, judicially inefficient, and inappropriate. Himark keys on WPE's failure to show that "there is no just reason for delay" in entering a final judgment on the arbitration award when Himark's related patent infringement claims remain pending. (Dk. 32).

Rule 54(b) allows a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The district court's certification order must include two express determinations: (1) that "the judgment is final," and (2) that "there is no just reason for

delay of entry of its judgment." *New Mexico v. Trujillo*, 813 F.3d 1308, 1316 (10th Cir. 2016) (citing *Stockman's Water Co. LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005)). Certification orders "should 'clearly articulate their reasons and make careful statements based on the record supporting their determination of finality and no just reason for delay so that we can review a 54(b) order more intelligently and thus avoid jurisdictional remands.'" *Id*. Factors for consideration "include whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *New Mexico*, 813 F.3d at 1316 (internal quotation marks and citations omitted).

      The district court's role is to "act as a dispatcher weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." *Stockman's Water*, 425 F.3d at 1265. In this regard, the Tenth Circuit has further observed from precedent that "Rule 54(b) entries are not to be made routinely" and that "trial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one:  to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships." *Oklahoma Turnpike Authority v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (internal quotation marks and citations omitted).

There appears to be no dispute that the district court's confirmation order of the arbitration award constitutes a final judgment as to all claims presented and decided in the arbitration proceedings. But in the same breath, there is a dispute over whether the remaining patent claims are related, and not separable, from the arbitrated claims. The court originally granted the defendant WPE's motion to compel arbitration upon finding, as argued by WPE, that, "the arbitration clause in the Licensing Agreement applies to all of Himark's claims." (Dk. 12, p. 13). For whatever reason, the parties agreed during arbitration to withdraw the patent claims from arbitration and to reserve them for this litigation.

Still, the issue of the patent claims was part of this court's limited review of the arbitration proceedings. Himark contended the arbitration panel exceeded the scope of its authority and reviewed matters related to the patent claims. Himark's contention relied in part on WPE's stated position at the time that, "based on the AAA Arbitration Panel's findings and the award entered, WPE does not believe that Himark's patent law claims remain viable." (Dk. 15, p. 1). This court concluded that Himark had not carried its heavy burden of showing that the arbitration panel had exceeded its authority in interpreting and applying the licensing agreement. Even so, the court remains concerned over the factual and legal relationship between the panel's decision and the claims and defenses remaining in these patent claims. For this reason, the court is not confident that the remaining

3

claims are fully separable from the matters adjudicated in the arbitration proceedings. There is even reason to think that they could be related to the question of the panel's adjudicatory authority and could constitute the same issue or similar issue raised in a subsequent appeal.

WPE's original motion for entry of final judgment offered no more than the conclusory and unexplained conclusion that there was "no just reason for delay" in entering judgment. Yet in its reply brief, WPE argues the federal purposes and policies behind arbitration that encourage an expeditious resolution of disputes. There is no reason this argument could not have been raised in WPE's original motion. "The general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief." *See Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011) (internal quotation marks and citation omitted). In addition, the federal policies underlying arbitration were first frustrated when WPE agreed with Himark to remove the related patent claims from arbitration.

In its discretion, the court finds for the reasons stated above that the balance of equities do not favor a Rule 54(b) entry of judgment. The patent claims are related to the claims arbitrated and to the scope of the arbitration proceedings, and the relationship between them is unsettled for now. In having agreed to remove the patent claims from arbitration, the parties undermined the expeditious purpose behind arbitration and discounted the weight of this factor. The circumstances of this case are not

of the quality or character as to overcome the traditional reluctance followed in granting such motions.

IT IS THEREFORE ORDERED that WPE's motion for entry of final judgment (Dk. 31) pursuant to Fed. R. Civ. P. 54(b) is denied.

Dated this 8th day of July, 2016, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge