IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HIMARK BIOGAS, INC.,

        Plaintiff

vs.                                             Case No. 14-1070-SAC

WESTERN PLAINS ENERGY LLC,

        Defendant.

MEMORANDUM AND ORDER

        The case comes before the court on the plaintiff Himark Biogas, Inc.'s ("Himark's") motion seeking first, the dismissal of the defendant Western Plains Energy LLC's ("WPE's") counterclaims for declaratory judgment against the Himark's alleged patents for invalidity and non-infringement, and second, the voluntary dismissal of its own patent claims. (Dk. 39). Himark premises its motion on the proposition that, "[p]rior to the filing of this action, by an assignment effective August 21, 2012, Himark sold the patents at issue to BIOGAS AND ALGAE (BARBADOS) HOLDINGS, INC (hereinafter 'BABI')." (Dk. 39, p. 2). To support this position, Himark submits the declaration of Shane V. Chrapko[1] which states that, "Himark transferred its ownership interest of the U.S. Patent Nos. . . . to BABI" and that, "[p]ursuant to the Assignment, effective August 21, 2012, Himark did

---

[1] Himark does not identify Mr. Chrapko's authority or basis of personal knowledge for this declaration. WPE acknowledges, however, in its response that Mr. Chrapko is the CEO of Himark.

not retain any rights to license the patents in the United States." (Dk. 39-1). There are no exhibits attached in support of Chrapko's declaration under penalty of perjury. In seeking dismissal by now denying ownership of the patents as of August 21, 2012, Himark is taking a position starkly different from that taken when it filed this action in March of 2014. Count five of Himark's complaint asserted patent infringement based on this factual allegation that, "Himark owns, U.S. Patent Nos. 7,014,768 (issued March 21, 2006), 7,771,598 (issued August 10, 2010), 7,927,491 (issued April 19, 2011), 8,017,013 (issued September 13, 2011) and 8,308,945 (issued November 13, 2012)." (Dk. 1, ¶ 33). In light of this apparent revelation, Himark asks the court to dismiss the defendant's counterclaims arguing that BABI is a necessary party who has not been joined and who cannot be feasibly joined for lack of personal jurisdiction. Himark also asks for voluntary dismissal of its patent infringement claim saying it lacks standing to pursue this claim for relief and dismissal at this stage would not prejudice WPE.

  WPE argues that the court needs additional facts beyond Chrapko's declaration to address this motion and asks the court to defer its decision for the parties to complete limited discovery on the issues raised by Himark's motion to dismiss. Not only does the plaintiff's complaint contradict Chrapko's declaration, but WPE submits without a supporting affidavit or declaration what it represents to be assignment records from the United

States Patent and Trademark Office to show that the United States patents are still owned by Highmark Renewables Research Limited Partnership, "ostensibly a predecessor entity of Himark." (Dk. 42, p. 2). WPE also submits the declaration of its general manager, Derek Peine, for the following statements. (Dk. 42-3). Himark has not previously stated that its patents were transferred to BABI. "WPE has no information or documentation evidencing the alleged assignment, transfer, or sale of the patents at issue to BABI." *Id.* at 1. Other than learning in May of 2016 that an agent for BABI had contacted an engineering firm in Kansas as a possible buyer for the patents, Peine states that, "WPE has no information regarding BABI, the relationship between BABI and Himark, whether BABI and Himark share common ownership, or whether Himark effectively controls BABI." *Id.* at 1-2. WPE proposes that personal jurisdiction may arguably be established over BABI if it is a shell or alter-ego for Himark or if BABI is conducting business in Kansas. Without having had a sufficient opportunity to investigate this alleged assignment and to discover the facts and circumstances relevant to the court's determination of the issues, WPE asks the court to allow for limited discovery first on the issues raised by Himark's motion and Chrapko's declaration before deciding the motion.

The time for Himark's reply to WPE's response has passed without a filing and without any further documentation in support of Chrapko's declaration. The court agrees with WPE's arguments for limited

discovery on the issues raised in Himark's motion as supported by Chrapko's declaration. The court will give the parties 60 days to complete this limited discovery which will be conducted under the supervision of the magistrate judge. Following the completion of discovery, the defendant WPE will have until November 14, 2016, to file its supplemental response, and Himark's reply will be filed and served within 14 days of the service of supplemental response.

      IT IS SO ORDERED.

      Dated this 2nd day of September, 2016, Topeka, Kansas.


      s/Sam A. Crow
      Sam A. Crow, U.S. District Senior Judge