IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HIMARK BIOGAS, INC.,

        Plaintiff

vs.                                        Case No. 14-1070-SAC

WESTERN PLAINS ENERGY LLC,

        Defendant.

MEMORANDUM AND ORDER

The plaintiff Himark Biogas, Inc. ("Himark") filed a motion to dismiss all claims, both its own and the counterclaims of the defendant Western Plains Energy LLC ("WPE"), remaining in this case. (Dk. 39). Himark premised its motion on the apparent revelation that, "[p]rior to the filing of this action, by an assignment effective August 21, 2012, Himark sold the patents at issue to BIOGAS AND ALGAE (BARBADOS) HOLDINGS, INC (hereinafter 'BABI')." (Dk. 39, p. 2). Himark argued that BABI was a necessary party for WPE's counterclaims and that joinder of BABI was not feasible due to the lack of personal jurisdiction. Himark asked to voluntarily dismiss its claims pursuant to Fed. R. Civ. P. 41(a)(2), because it lacks standing to pursue the patent infringement claims. As its only evidentiary support for this assignment, Himark submitted the declaration of Shane V.

Chrapko[1] which stated that, "Himark transferred its ownership interest of the U.S. Patent Nos. . . . to BABI" and that, "[p]ursuant to the Assignment, effective August 21, 2012, Himark did not retain any rights to license the patents in the United States." (Dk. 39-1). There were no exhibits attached in support of Chrapko's declaration under penalty of perjury.

WPE opposed the motion arguing for additional time to conduct discovery on matters first disclosed in Chrapko's declaration. WPE noted that the plaintiff's complaint directly contradicts Chrapko's declaration and that WPE's own review of assignment records from the United States Patent and Trademark Office showed the United States patents to be still owned by Highmark Renewables Research Limited Partnership, "ostensibly a predecessor entity of Himark." (Dk. 42, p. 2). WPE also submitted the declaration of its general manager, Derek Peine, that, "WPE has no information or documentation evidencing the alleged assignment, transfer, or sale of the patents at issue to BABI." *Id.* at 1. Peine also stated that, "WPE has no information regarding BABI, the relationship between BABI and Himark, whether BABI and Himark share common ownership, or whether Himark effectively controls BABI." *Id.* at 1-2. WPE raised the possibility of personal jurisdiction being established over BABI if it is a shell or alter-ego for Himark or if BABI is conducting business in Kansas. Thus, WPE asked the

---

[1] Himark failed to identify Mr. Chrapko's authority or basis of personal knowledge for this declaration. WPE acknowledges, however, in its response that Mr. Chrapko is the CEO of Himark.

2

court for limited discovery first on the issues raised by Himark's motion and Chrapko's declaration before deciding the motion.

The court sustained WPE's request and gave the parties time for limited discovery on the issues raised in Himark's motion as supported by Chrapko's declaration. The court also set a briefing schedule after completion of the discovery. (Dk. 45). A month later, on October 21, 2016, counsel for Himark moved to withdraw at the client's direction. (Dk. 46). To this motion, Himark's counsel attached an email from Shane Chrapko which read, "I am hereby directing you to immediately withdraw from representing HiMark. We have decided to wrap up the business of HiMark and want to limit all further out-of-pocket costs. We understand that this will likely result in a judgment against the company, but as the company has virtually no assets, we are indifferent to that conclusion." (Dk. 46-1). The magistrate judge granted this motion by written order and also reminded Himark "that corporate parties must be represented by licensed counsel admitted in this court, and cannot appear *pro se* in federal court." (Dk. 48, p. 1). The order further warns Himark "that failure to retain counsel or otherwise comply with court orders may result in a recommendation of dismissal to the district judge." (Dk. 48, p. 2).

On November 14, 2016, WPE filed its supplemental response stating that it had served discovery requests consisting of interrogatories and requests for production on Himark and that it had attempted to schedule

the deposition of Himark's CEO. (Dk. 50). These discovery requests had yielded emails from Himark's then counsel along with two documents, the assignment of the patents from Himark to BABI and an accounting firm's presentation prior to the assignment. (Dk. 49-4, 49-5, and 49-6). Himark's counsel indicated in the email of October 14, 2016, that he would be withdrawing, because his clients intended to let Himark "disappear," to allow the charter lapse, and to cease Himark's legal existence. (Dk. 49-4, p. 2). WPE had filed a motion to compel because Himark had not answered all of its discovery requests and had refused otherwise to participate in a deposition. (Dk. 49, p. 1). WPE argues in its supplemental response that the court should deny Himark's motion to dismiss or defer ruling until its motion to compel was decided. WPE contends the documents support a scenario for either BABI being the alter ego of Himark or the assignment being a sham transaction for avoiding Canadian taxes.

The magistrate judge granted WPE's motion to compel, (Dk. 52), and then subsequently granted WPE's motion for sanctions (Dk. 55). In that last order, the magistrate judge granted WPE's request "to submit proposed facts consistent with its position that BABI is the alter ego of Himark and/or Himark's alleged transfer of its intellectual property to BABI was a 'sham' transaction which this court may disregard." (Dk. 55). The court is awaiting WPE's submission of proposed facts.

In the meantime, the court accepts the magistrate judge's uncontested findings that Himark has failed to cooperate with the discovery requests directed at its pending motion to dismiss. In doing so, Himark has lost its legal position for seeking such relief at this time. Having frustrated discovery on the matters in dispute, Himark cannot carry its legal and factual burden for obtaining dismissal. Moreover, Himark's legal representatives have stated to counsel and the court that Himark intends to abandon this litigation and is indifferent to the judgment likely to be granted against it. Therefore, the court will deny Himark's pending motion to dismiss and awaits WPE's submission of proposed findings.

IT IS THEREFORE ORDERED that Himark's motion to dismiss (Dk. 39) is denied.

Dated this 16th day of March, 2017, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge