IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HIMARK BIOGAS, INC.,

        Plaintiff

vs.                                              Case No. 14-1070-SAC

WESTERN PLAINS ENERGY LLC,

        Defendant.

MEMORANDUM AND ORDER

On March 16, 2017, the court denied the plaintiff Himark Biogas, Inc.'s ("Himark's") motion to dismiss (ECF# 39) all claims, both its own and the counterclaims of the defendant Western Plains Energy LLC ("WPE"), remaining in this case. ECF #56. With that motion, Himark submitted its CEO's declaration which stated that, "Himark transferred its ownership interest of the U.S. Patent Nos. . . . to BABI" and that, "[p]ursuant to the Assignment, effective August 21, 2012, Himark did not retain any rights to license the patents in the United States." ECF# 39-1. Because there were no exhibits supporting this declaration, because this declaration contradicted the express allegations of Himark's own complaint in this case, and because WPE questioned this latest representation and sought discovery on it, the district court allowed limited discovery on the issues raised in Himark's motion and the CEO's declaration. ECF# 45.

A month later, on October 21, 2016, counsel for Himark moved to withdraw at the client's direction. ECF# 46. Counsel attached an email from Himark's CEO which read, "I am hereby directing you to immediately withdraw from representing HiMark. We have decided to wrap up the business of HiMark and want to limit all further out-of-pocket costs. We understand that this will likely result in a judgment against the company, but as the company has virtually no assets, we are indifferent to that conclusion." ECF# 46-1. Before filing this motion, Himark's counsel indicated in the email to WPE that he would be withdrawing, because his clients intended to let Himark "disappear," to allow the charter lapse, and to cease Himark's legal existence. ECF# 49-4, p. 2. The magistrate judge granted counsel's motion to withdraw. He also advised Himark of its need to have legal representation and warned that failure to have legal representation could result in dismissal. ECF# 48.

WPE's discovery requests concerning patent ownership had yielded only two documents--an assignment of the patents from Himark to BABI and an accounting firm's presentation prior to the assignment. ECF## 49-4, 49-5, and 49-6. Because Himark had failed to answer all of the discovery requests, WPE filed a motion to compel. ECF# 49. The magistrate judge granted this motion (ECF# 52), and then subsequently granted WPE's motion for sanctions (ECF# 55). In that last order, the magistrate judge granted WPE's request "to submit proposed facts consistent with its position

that BABI is the alter ego of Himark and/or Himark's alleged transfer of its intellectual property to BABI was a 'sham' transaction which this court may disregard." ECF #55. Based on these rulings, the district court entered an order on March 16, 2017, holding:

> The district court accepted the magistrate judge's uncontested findings that Himark had failed to cooperate with the discovery requests directed at its pending motion to dismiss. In doing so, Himark has lost its legal position for seeking such relief at this time. Having frustrated discovery on the matters in dispute, Himark cannot carry its legal and factual burden for obtaining dismissal. Moreover, Himark's legal representatives have stated to counsel and the court that Himark intends to abandon this litigation and is indifferent to the judgment likely to be granted against it. Therefore, the court will deny Himark's pending motion to dismiss and awaits WPE's submission of proposed findings.

ECF# 56, p. 5. After this order, several months passed without either party acting in this case, so the magistrate judge issued on June 1, 2017, an order to show cause why claims should not be dismissed for lack of prosecution was filed. ECF# 59. The deadline of June 30, 2017, passed with only WPE filing a response. ECF# 60.

WPE indicates the parties' remaining disputes are unresolved, and to cure its prosecution of its counterclaims, it submits proposed findings of fact. *Id.* at p. 1. These proposed findings, however, were not attached to WPE's response, but they were emailed to chambers. Thus, there has been no effort to serve Himark with these proposed findings.

In the magistrate judge's order on discovery sanctions, the following was discussed:

3

> WPE notes that the question of ownership of the intellectual property and patents which have been incorporated into WPE's biogas plant remains unresolved. Thus, WPE argues that after over two years of litigation and arbitration and incurring hundreds of thousands of dollars of attorney and expert fees, it still has no certainty as to whether it might be subject to future litigation over this intellectual property. WPE further suggests that this uncertainty has also hindered WPE's ability to bring in third-parties to assist WPE in attempting to rehabilitate the biogas plant.
> 
> WPE seeks to continue this litigation for two reasons: (1) to obtain a ruling from court premised on the findings of the Arbitration Award, that WPE is in compliance with the terms of the License Agreement and holds a valid license to use Himark's intellectual property in WPE's biogas plant; and (2) to commence collection efforts on the monetary portion of the confirmed Arbitration Award.
> 
> . . . .
> 
> WPE requests that the court enter sanctions against Himark pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i). Thus, WPE seeks an order of the court directing that the matters embraced in the order or other designated facts be taken as established for purposes of this action. Specifically, WPE asks the court to allow it to submit findings of fact consistent with its position, i.e., that BABI is the alter ego of Himark and/or Himark's alleged transfer of its intellectual property to BABI was a sham. As noted previously, Himark has failed to timely respond to WPE's motion.
> 
> Rule 37(b) governs sanctions for failure to comply with an order of the court. . . . The court has broad discretion to impose any sanction or combination of sanctions it deems appropriate, including deeming as established the facts that the moving party was seeking to establish. Any sanction under Rule 37 must be just. The court should be guided by the concept of proportionality between offense and sanction.
> 
> The court finds that the requested sanction is appropriate under the circumstances here. . . . Thus, the court grants WPE's motion and permits WPE to submit proposed facts consistent with its position that BABI is the alter ego of Himark and/or Himark's alleged transfer of its intellectual property to BABI was a "sham" transaction which this court may disregard.

ECF# 55, pp. 3-5 (footnotes omitted). The court's dispositive authority to

handle these proposed findings comes from the magistrate judge's sanctions

ruling. The court, however, recognizes that the content and scope of those proposed findings remain a matter committed to its sound discretion.

"Sanctions must be 'just' and related to the claim 'at issue in the order to provide discovery.'" *Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1159 (10th Cir. 2013). The discovery that was frustrated here is related to the questions of who owned the patents and who is the real party in issue. These questions are basic both to Himark's patent infringement claims and to WPE's counterclaims for declaratory judgment of non-infringement and invalidity of the patents. In its motion to dismiss filed in July of 2016, Himark first raised the questions of patent ownership and real party in interest relief and relied exclusively on the unsupported declaration of its CEO. Himark produced during discovery a copy of the assignment which is dated August 21, 2012. Eighteen months after this apparent assignment, Himark filed the complaint starting this action and alleged there that it owned the patents. ECF# 1, ¶ 33.

Prior to July of 2016 and Himark's motion to dismiss, there was no disputed issue over the ownership of the patents. As it had alleged, Himark owned the patents, and this was one of the facts on which the parties had arbitrated the case but also had agreed to reserve the patent claim for subsequent adjudication in federal court. Ownership became an issue when late in the case Himark submitted its CEO's declaration in an effort to end this patent litigation and to cast doubt over the entire case.

WPE offers its proposed findings without linking them to specific discovery requests to which Himark failed to respond or to specific facts asserted in a motion to which Himark failed to respond. Thus, WPE does not show its proposed findings to be based on defaulted responses to discovery or to a motion. Instead, WPE is asking this court to make findings as to the genuineness of a legal document, the assignment, based on no more than unsupported allegations and to couch that finding as based on the "overwhelming weight of the evidence." This court is not in the practice of doing that. The court, however, finds that a just, proportional, and related sanction would be to strike and/or disregard as inadmissible the declaration of Himark's CEO (ECF# 39-1) and to strike and/or disregard as inadmissible all references to and evidence of the assignment from the record. Such a sanction is directly related to Himark's last-ditch effort to create an issue to undermine this litigation and is justified by Himark's bad faith refusal to cooperate in discovery on this ownership issue. The effect of this sanction is that there is no evidence of record contradicting Himark's complaint that it is the owner of the patents. The court expects WPE will act promptly in filing the appropriate motion to address the remaining patent claims and counterclaims.

IT IS THEREFORE ORDERED that as the just, reasonable, proportional and related sanction imposed as a result of the prior orders (ECF## 55 and 56), the declaration of Himark's CEO (ECF# 39-1) and all

references to and evidence of the patent assignment dated in August of 2012 are stricken from the record or disregarded as inadmissible evidence, and the allegations in Himark's complaint that it is the owner of the patents in question are not contradicted by any evidence of record.

Dated this 21st day of July, 2017, Topeka, Kansas.


　　　　　　　　　　　___/s Sam A. Crow_____
　　　　　　　　　　　Sam A. Crow, U.S. District Senior Judge